IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-19-045-D |
| ) | (Case No. CIV-24-323-D) |
| JOSE MANUEL GUTIERREZ, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

The matter before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 66]. Upon initial review, the Court ordered Defendant to show cause why his Motion should not be dismissed as untimely under the one-year limitations period of § 2255(f)(1). *See* Order to Show Cause [Doc. No. 67]. Defendant has made a timely response [Doc. No. 68].

Liberally construing Defendant's *pro se* papers, the Court understands his timeliness position to be that his § 2255 Motion is not governed by § 2255(f)(1), under which the time limit to file a motion runs from the date on which the judgment of conviction becomes final. In both the Motion and his show-cause response, Defendant argues that his claims for relief are based on "new laws" holding 18 U.S.C. § 922(g)(1) unconstitutional under the Second Amendment. *See* § 2255 Motion at 11 (ECF page numbering); Mot. Show Cause at 1, 2. Defendant relies on two decisions holding that § 922(g) is unconstitutional as applied to a criminal defendant who raises a Second Amendment challenge – § 922(g)(1) in *United States v. Bullock*, 679 F. Supp. 3d 501 (S.D. Miss. 2023), and § 922(g)(3) in

*United States v. Daniels*, 77 F.4th 337 (5th Cir. 2023).  *See* Mot. Show Cause at 1. Defendant contends this legal authority was not available earlier and "anytime new laws come up . . . should be enough cause to lift the time issue."  *Id*.

Defendant's arguments are inconsistent with Section 2255(f), which contains specific exceptions to the general rule that the one-year limitations period for a § 2255 motion begins to run when a conviction becomes final.  Under § 2255(f)(3), the one-year time limit runs from the date on which a new legal right "was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  The Supreme Court has not recognized a new Second Amendment right for criminal cases nor made any such right retroactive.[1]

Alternatively, Defendant may be seeking relief from the time bar of § 2255(f)(1) based on equitable tolling of the limitations period.  Federal law applying the equitable tolling doctrine is clear, and Defendant fails to make a sufficient showing to satisfy that doctrine.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Holland v. Florida*, 670 U.S. 631, 130 S. Ct. 2549, 2562 (2010).  In his Motion, Defendant does not claim any extraordinary circumstance prevented a timely filing

---

[1] Also, under § 2255(f)(4), the one-year time limit begins to run when "the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  But Defendant's § 2255 claim is based on a new legal rule rather than new facts.

2

despite diligent effort.  Defendant instead simply argues that federal case law declaring § 922(g)(1) unconstitutional did not exist at the time a § 2255 motion for relief from his conviction was due.  But nothing prevented Defendant from bringing his own claim that § 922(g)(1) is unconstitutional, that the statue was unconstitutional as applied to him, or that his trial counsel was ineffective for failing to identify the constitutional issues.[2] Defendant also asserts that he was barred by a direct-appeal waiver in his plea agreement from raising a constitutional claim or taking an appeal.  See § 2255 Mot. at 4 (ECF page numbering); Mot. Show Cause at 1.  Defendant is simply wrong on this point; he had no plea agreement.  See Pet. Enter Plea of Guilty [Doc. No. 34] at 9.

For the reasons stated herein and in the Order to Show Cause [Doc. No. 67], the Court finds that Defendant's § 2255 Motion was not timely filed under § 2255(f)(1) and that no exception to the operation of this provision applies.

**IT IS THEREFORE ORDERED** that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. No. 66] is **DISMISSED** as time barred.  A judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  See 28 U.S.C. § 2253(c)(2).

---

[2] In his Motion, Defendant claims that his attorney coerced him into entering a guilty plea, and in his show-cause response, Defendant argues that his attorney was also ineffective for failing to raise the constitutional issue.  See Mot. Show Cause at 1.

3

Where a claim is dismissed on procedural grounds without reaching the merits, the movant must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is **DENIED**.

    **IT IS SO ORDERED** this 30th day of April, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge